IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MILES THOMAS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>KYLE CHOCK, *et al.*,<br><br>　　　　Defendants. | Civil No. 25-00129 MWJS-KJM<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, DISMISSING COMPLAINT, DEFERRING DECISION ON LEAVE TO AMEND, AND DENYING MOTION FOR APPOINTMENT OF PRO BONO COUNSEL |

**INTRODUCTION**

On March 18, 2025, pro se Plaintiff Miles Thomas filed a complaint against the Queen's Health Systems and several of its Board of Trustees, Kyle Chock, Peter Halford, and Kristi Lefforge.  ECF No. 1.  Thomas also applied to proceed in forma pauperis (IFP), that is, without prepayment of fees or security, ECF No. 2, and moved for the appointment of pro bono counsel, ECF No. 6.  In considering an IFP application, the Court must screen the complaint and, among other things, ensure that it states a claim upon which relief can be granted.

Because Thomas has sufficiently demonstrated an inability to pay court fees, the Court GRANTS his IFP application.  In its current form, however, Thomas' complaint fails to state a claim for relief.  The Court therefore DISMISSES the complaint.  The Court DEFERS decision on whether to grant leave to amend, and it invites Thomas to

submit a letter explaining how he would cure the identified deficiencies. Any such letter must be filed by May 7, 2025, and comply with the guidance below. Finally, for the reasons explained below, the Court DENIES the motion for appointment of counsel.

## DISCUSSION

### A. Thomas' In Forma Pauperis Application

Under 28 U.S.C. § 1915(a)(1), federal courts may authorize the commencement of suit without prepayment of fees or securities by persons who submit an affidavit demonstrating an inability to pay. Section 1915(a) does not require an IFP applicant to demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), but they must "allege poverty with some particularity, definiteness and certainty," *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (cleaned up). An affidavit is sufficient where it alleges that the applicant "cannot pay the court costs and still afford the necessities of life." *Id.* (citing *Adkins*, 335 U.S. at 339).

The Court finds that Thomas has made the required showing of an inability to pay under § 1915(a). In the IFP application, Thomas states that his only source of income is public assistance (such as welfare), totaling $894.00 a month. ECF No. 2, at PageID.11-12. Thomas' monthly expenses, on the other hand, include $125.00 for housing,[1] $894.00 for food, $160.00 for laundry, $120.00 for transportation, and $575.00

---

[1] Thomas filed several other cases around the same time as this one, in which he listed his housing expenses differently: he wrote $1,250.00 or $12,500.00 rather than

for "child support." *Id.* at PageID.14-15.  In total then, Thomas spends around $1,874.00 a month and receives only $894.00 of income.  Thomas further states that he does not have any assets aside from one savings bond.  *Id.* at PageID.12.

Based on the information Thomas provided, the Court finds that he has demonstrated a current inability to pay court fees while still affording the necessities of life.  The Court therefore GRANTS Thomas' IFP application.

### B.     Screening of Thomas' Complaint

Because Thomas asks to proceed in forma pauperis, the Court must screen the complaint.  *See* 28 U.S.C. § 1915(e)(2).  Thomas is a pro se litigant, and so the Court liberally construes his pleadings.  *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  The Court is nonetheless required to dismiss claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit.  *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Dismissal is required here because Thomas' complaint fails to state a claim upon which relief can be granted.  In evaluating whether a complaint fails to state a valid

---

$125.00 in some of his IFP applications.  *See, e.g., Thomas v. Williams*, No. 25-cv-00118 (D. Haw. Mar. 17, 2025), ECF No. 2; *Thomas v. Rev Limit Auto Ctr.*, No. 25-cv-00120 (D. Haw. Mar. 17, 2025), ECF No. 2; *Thomas v. Spectrum*, No. 25-cv-00125 (D. Haw. Mar. 18, 2025), ECF No. 2.  It appears that Thomas erroneously omitted or added a "0" to his housing costs in some of his IFP applications.  Regardless of which of these figures is in error, though, Thomas' expenses exceed his income.

claim for screening purposes, courts generally apply the pleading standards in Rule 8 of the Federal Rules of Civil Procedure. *See Watison*, 668 F.3d at 1112; *Zixiang Li v. Kerry*, 710 F.3d 995, 998-99 (9th Cir. 2013). Under Rule 8, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To show an entitlement to relief, however, it is not enough for a complaint to allege "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Thomas' factual allegations are sparse. The complaint states that "Queens Health System Inc. and all the board members are being sued for the abuse and malpractice, also health care fraud." ECF No. 1, at PageID.4. It alleges that Thomas visited Queen's Medical Center, West Oʻahu on March 3, 2023, after suffering an "over 12 foot fall" where he "landed on [his] neck and shoulder." *Id.* While at Queen's, Thomas was allegedly misdiagnosed, not given "proper treatment," and his medical records were falsified. *Id.* Queen's allegedly did not "do some of the test[s] they said they did" and instead only gave Thomas "tylenol and patches." *Id.* As a result, Thomas' injuries "have gotten wors[e]." *Id.* The complaint further asserts that Queen's was negligent in "supervision, hiring, training and security." *Id.* Thomas relies on several federal laws for relief. *Id.* And he seeks $200 million in damages. *Id.*

4

The federal statutes cited in the complaint are the Federal Tort Claims Act, Health Care Quality Improvement Act, and the False Claims Act. *Id.* at PageID.4. The complaint does not state a claim under any of these statutes.

First, the Federal Tort Claims Act, or FTCA, authorizes plaintiffs to sue the United States for claims against federally funded health centers. *See* 42 U.S.C. § 233(g). Thomas does not, however, allege that Queen's is a federally funded health center as defined in 42 U.S.C. § 254b. Nor does he name the United States as a defendant. *See Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (1998) (noting that "the United States is the only proper party defendant in an FTCA" case). And he does not allege exhaustion of his administrative remedies, which is a jurisdictional requirement that cannot be waived. *Wiley v. Vea*, Civ. No. 19-00195, 2019 WL 3225703, at *5 (D. Haw. July 17, 2019).

Even if Thomas had met these initial requirements, he does not provide enough factual detail to state any tort claim. Under the FTCA, the United States is liable in the same manner and to the same extent that a private hospital would be subject to suit. 28 U.S.C. § 2674; *see also Panion v. United States*, 385 F. Supp. 2d 1071, 1088-89 (D. Haw. Aug. 16, 2005). Liability is determined under the law of the state where the alleged tort occurred. 28 U.S.C. § 1346(b)(1). A negligence claim requires that a plaintiff establish (1) the existence of a duty or obligation, recognized by law, requiring the defendant to conform to a certain standard of conduct, for the protection of others against unreasonable risks; (2) a breach of the duty, that is, a failure to conform to the required

standard; (3) a reasonably close causal connection between the breach and the resulting injury; and (4) actual loss or damages. *Panion*, 385 F. Supp. 2d at 1089; *see also Takayama v. Kaiser Found. Hosp.*, 82 Hawai'i 486, 498-99, 923 P.2d 903, 915-16 (1996). Although Thomas broadly alleges that he was misdiagnosed and improperly treated, given only "tylenol and patches," ECF No. 1, at PageID.4, and that this exacerbated his injuries, he does not explain what he was misdiagnosed with, why he believes it was a misdiagnosis, or why he believes that the prescribed course of treatment was improper. Nor does he provide any factual basis for his assertion of negligent "supervision, hiring, training and security." *Id.* Any tort claims are therefore DISMISSED without prejudice.

Second, the Health Care Quality Improvement Act, or HCQIA, "establishes a national reporting system to follow doctors when they move from state to state and provides immunity from damages for persons participating in professional review activities." *Bondick v. Mitchell Sanchez*, No. 22-cv-00722, 2023 WL 1103615, at *4 (D. Or. Jan. 30, 2023). The HCQIA is an affirmative defense raised by covered defendants, *see Fobbs v. Holy Cross Health Sys. Corp.*, 789 F. Supp. 1054, 1063-65 (E.D. Cal. 1992); it does not create a private cause of action for a patient to sue. Because Thomas cannot recover under that statute, his HCQIA claim is DISMISSED with prejudice.

Third, the False Claims Act, or FCA, imposes significant civil liability on persons who defraud the government. *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 180 (2016); *see also Winter ex rel. United States v. Gardens Reg'l Hosp. & Med. Ctr., Inc.*, 953

6

F.3d 1108, 1114 (9th Cir. 2020). The Act "allows private plaintiffs to enforce its provisions by bringing a *qui tam* suit on behalf of the United States." *Winter ex rel. United States*, 953 F.3d at 1114 (citing 31 U.S.C. § 3730(b)). Thomas does not specify which FCA provision he is suing under. But he has not brought this suit on behalf of the United States, and so he cannot sue under the FCA. As another matter, the Ninth Circuit has held that an individual who is proceeding pro se cannot bring suit on behalf of others, including the government. *Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1125-28 (9th Cir. 2007); *see also Bennett v. Boy Scouts of Am. Aloha Council #104*, Civ. No. 24-00384, 2024 WL 4721701, at *1 (D. Haw. Oct. 24, 2024) (stating plaintiff could not "prosecute a qui tam action on behalf of the United States" because he had not retained counsel (quoting *Stoner*, 502 F.3d at 1127)). And although Thomas has moved for the appointment of pro bono counsel in this case, *see* ECF No. 6, even if pro bono counsel were to be appointed, the complaint would still not state a claim under the FCA because it was not brought on behalf of the government and lacks a sufficient factual basis. The complaint alleges only that Queen's did not "do some of the test[s] they said they did," ECF No. 1, at PageID.4, but it does not allege what those tests were, nor does it explain how that conduct defrauded the government. Thomas' FCA claim is therefore DISMISSED without prejudice.

7

Finally, Thomas has not explained how the named individual Trustee defendants are involved in his factual allegations, nor how they could be held liable. For these reasons, the complaint fails to state any claim upon which relief can be granted.

### C.     Thomas' Motion for Appointment of Pro Bono Counsel

Thomas separately filed a motion for appointment of pro bono counsel. ECF No. 6. Civil litigants do not have a constitutional right to counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). But pursuant to 28 U.S.C. § 1915(e)(1), the court may, in its discretion, appoint counsel for indigent civil litigants where "exceptional circumstances" exist. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To make a finding of "exceptional circumstances," the Court must evaluate "the likelihood of the plaintiff's success on the merits" and "the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." *Id.* (cleaned up). "Difficulties that any litigant proceeding pro se would face" do not constitute "exceptional factors." *Hopkins v. Rsch. Corp. of Univ. of Haw.*, Civ. No. 19-00054, 2019 WL 1292290, at *2 (D. Haw. Mar. 20, 2019) (cleaned up).

Here, Thomas states that he "[c]alled multiple lawyers and they denied me my right to affective [sic] counsel," and that he is an "Army Veteran that deserves justice and no law firm will help." ECF No. 6, at PageID.19. Under the governing standard for appointing counsel, these facts do not amount to "exceptional circumstances." In addition, given the identified deficiencies in the complaint, at this point in the case, it is

8

too early to find that Thomas' claims are likely to succeed. Thomas' motion for appointment of counsel is therefore DENIED without prejudice to Thomas filing another request after the complaint passes screening, if it indeed does so.

## CONCLUSION

For the foregoing reasons, the Court:

(1) GRANTS the IFP application, ECF No. 2;

(2) DISMISSES the complaint, ECF No. 1; namely, it DISMISSES any tort claims, including those brought under the Federal Tort Claims Act (FTCA), without prejudice; DISMISSES the Health Care Quality Improvement Act (HCQIA) claim with prejudice; and DISMISSES the False Claims Act (FCA) claim without prejudice; and

(3) DENIES the motion for appointment of pro bono counsel, ECF No. 6.

The Court DEFERS decision, at this time, on the question of whether Thomas should be granted leave to amend. If Thomas wishes to continue pursuing this action, he must submit a letter to the Court seeking leave to amend by no later than May 7, 2025. In any such letter, Thomas must:

(1) identify the claims he still wishes to pursue, and

(2) supplement his factual allegations to address the deficiencies that have been identified in this Order.

Thomas should clearly and thoroughly describe the facts that support his claims, and not merely rely on conclusory assertions.  Thomas is cautioned that he may not seek to add any new claims without explaining how they relate to those asserted in the original complaint, and that he may not seek leave to amend the HCQIA claim.  Thomas is further cautioned that if his letter fails to address the identified deficiencies, his action will be dismissed without leave to amend.  Moreover, if Thomas does not file a letter requesting leave to amend by May 7, 2025, this case will be automatically dismissed.

    IT IS SO ORDERED.

    DATED:  April 7, 2025, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 25-00129 MWJS-KJM; *Miles Thomas v. Kyle Chock,* et al.; ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, DISMISSING COMPLAINT, DEFERRING DECISION ON LEAVE TO AMEND, AND DENYING MOTION FOR APPOINTMENT OF PRO BONO COUNSEL